**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DUANE BLUE,                    ) | |
|                    ) | |
|    Plaintiff,            ) | |
|                    ) | Case No. 1:26-cv-1249 |
|    v.                 ) | |
|                    ) | |
| CONSOLIDATED CITY OF    ) | |
| INDIANAPOLIS AND MARION COUNTY,    ) | |
| and ANDREW SAUNDERS,    ) | |
|                    ) | |
|    Defendants.        ) | |

## <u>COMPLAINT</u>

### I.     INTRODUCTION

1. Duane Blue ("Duane") brings this action against the Consolidated City of Indianapolis and Marion County ("the City") and Indianapolis Metropolitan Police Department ("IMPD") Officer Andrew Saunders ("Saunders") for constitutional violations under 42 U.S.C. § 1983 and various state law claims seeking all damages recoverable under the law for injuries Duane sustained during an unlawful arrest by Saunders.

2. Saunders unlawfully arrested Duane. During the unlawful arrest, Saunders attempted to body slam Duane and, in doing so, snapped Duane's tibia just below the knee. The broken tibia required surgery to place a rod in Duane's leg.

1

As a result, Duane suffers severe and permanent impairment of the use of his left leg.

## II.    JURISDICTION AND VENUE

3. The actions set forth herein occurred in Indianapolis, Marion County, Indiana.

4. This Court has original jurisdiction over the federal claims.

5. This Court has supplemental jurisdiction over the state law claims.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391.

7. Plaintiff filed a timely Tort Claim Notice on the Defendants.

## III.    PARTIES

8. Plaintiff Duane Blue is the injured party, a citizen of the United States of America, and, at all times relevant hereto, resided in Marion County, Indianapolis, Indiana.

1. At all times relevant hereto, the City was an official political subdivision of the State of Indiana operating and controlling the IMPD for the purpose of providing public safety and protection to the citizens of Indianapolis.

2. At all times relevant hereto, Defendant Saunders was a law enforcement officer, as that term is defined in Ind. Code § 35-41-1-17, and an employee of the IMPD and City who was performing his duties for and acting as an officer of the IMPD in the course and scope of his employment. Kirby was acting under color of state law. He is being sued in his official and individual capacity.

## IV.    FACTS

3. On or about February 18, 2025, Duane was walking to his home at 317 N. Temple Ave. Indianapolis, Indiana 46201.

2

4. Saunders, an officer of the IMPD, approached Duane and ordered him to stop.

5. Saunders pursued Duane onto the porch of Duane's home.

6. On the porch, Saunders grabbed Duane's arm.

7. Saunders attempted to slam Duane to the ground.

8. In attempting to slam Duane to the ground, Saunders fractured Duane's tibia, snapping it in half just below the knee.

9. Duane's broken tibia required a rod to be surgically inserted into his bone.

10. As a result of Saunders' actions, Duane suffers permanent and severe limitations in his ability to bend his knee, among others.

11. As a result Saunders' actions, Duane is in constant pain and struggles with daily tasks such as walking, putting on clothes, and getting into and out of a tub or shower.

12. As a result of Saunders' actions, Duane is severely traumatized, has recurring nightmares, and suffers PTSD.

13. Saunders used excessive, unreasonable, and unnecessary force.

14. Saunders' arrest was unsupported by a warrant, judicial order, or statutory authority.

15. Saunders violated Duane's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and from the use of excessive, unreasonable, and unnecessary force.

16. Saunders' actions exhibited reckless and callous indifference to Duane's constitutional rights.

3

17. IMPD's policies, procedures, and customs led to, permitted, and countenanced the use of excessive, unreasonable, and unnecessary force by its officers including.

18. IMPD's failure to follow and enforce some of its own internal policies and procedures, including but not limited to the availability of the use of force, led to, permitted, and countenanced Saunders' use of excessive, unreasonable, and unnecessary force.

19. The policies, procedures and customs of the IMPD led to and caused Saunders' use of excessive, unreasonable, and unnecessary force against Duane, deprived Duane of his constitutional rights under 42 U.S.C. § 1983, and caused Duane's injuries.

20. The failure of the IMPD to follow and enforce some of its own internal policies and procedures, including but not limited to the availability of the use of force, including deadly force, led to and caused Saunders' use of excessive, unreasonable, and unnecessary force against Duane, deprived Duane of his constitutional rights actionable under 42 U.S.C. § 1983, and caused Duane's injuries.

21. The IMPD has failed to institute, maintain and enforce proper procedures for training and re-training its officers relative to the use of force, including deadly force; monitoring and supervising its officers relative to their use of force, including deadly force; and disciplining its officers relative to their use of force, including deadly force, all of which constitute a willful and deliberate indifference to, and a willful and deliberate disregard of, the serious risk of

4

significant harm to members of the public, and demonstrate a reckless and callous indifference to the Constitutional rights of members of the public, which led to and caused Duane's injuries.

22. The IMPD has a policy, custom and practice of failing to properly monitor the use of excessive, unreasonable and unnecessary force, including deadly force, by its officers; tolerating and failing to correct the use of excessive, unreasonable and unnecessary force, including deadly force, by its officers; and failing to discipline, retrain or otherwise address and control the use of excessive, unreasonable and unnecessary force, including deadly force, all of which constitute a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public, and demonstrate a reckless and callous indifference to the Constitutional rights of members of the public, which led to and caused Duane's injuries.

23. The failure of the IMPD to properly and adequately review, revise, implement and enforce its policies, procedures and customs relative to investigating and handling the use of deadly force and shooting incidents in which its officers are involved constitutes a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public and led directly to the continued use of excessive, unreasonable and unnecessary use of excessive and deadly force by its officers and led to and caused Duane's injuries.

24. The facts set out above demonstrate a willful and deliberate indifference to, and a willful and deliberate disregard of, the serious risk of significant harm to

5

members of the public and a reckless and callous indifference to the Constitutional rights of members of the public on the part of the IMPD, which led to and caused Duane's injuries.

25. Saunders' actions set forth above were malicious, criminal, and/or willful and wanton.

## V.    CAUSES OF ACTION

### *State Causes of Action*

#### Count I – Battery/Excessive Force
*(Against all Defendants)*

26. The foregoing paragraphs are incorporated herein.

27. Saunders touched Duane recklessly, knowingly, and/or intentionally, in a rude, insolent, and/or angry manner, and without Duane's authorization.

28. Saunders' use of force against Duane constituted a battery and excessive force.

29. As a result of the battery and excessive force, Duane was severely injured.

30. Duane is entitled to damages of including, but not limited to, past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, emotional distress, and permanent impairment.

31. In addition, Duane is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future through their own actions and actions of agents and/or employees.

32. The City is liable for Saunders' actions.

#### Count II – False Arrest
*(Against all Defendants)*

33. The foregoing paragraphs are incorporated herein.

34. Saunders intentionally restrained Duane's freedom of movement or liberty without Duane's consent.

35. In doing so, Saunders did not act pursuant to a warrant, judicial order, or statutory authority.

36. Duane incurred damages as a result of Saunders' actions.

37. Duane is entitled to damages of including, but not limited to, lost wages, loss of freedom of movement and personal autonomy, and emotional distress.

38. In addition, Duane is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future through their own actions and actions of agents and/or employees.

39. The City is liable for Saunders' actions.

<u>COUNT III – Negligence</u>
*(Against all Defendants)*

40. The foregoing paragraphs are incorporated herein.

41. At all times relevant hereto, the Defendants owed Duane the duty to act with reasonable and due care, among other things.

42. Defendants breached duties owed to Duane.

43. Defendants were negligent.

44. As a result of Defendants' negligence, Duane was severely injured.

45. Duane is entitled to damages of including, but not limited to, past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, emotional distress, and permanent impairment.

7

46. In addition, Duane is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future through their own actions and actions of agents and/or employees.

47. The city is liable for Saunders' actions.

### *Federal Causes of Action*

### <u>Count IV – Federal Civil Rights Violations (42 U.S.C. § 1983)</u>
*(Against all Defendants)*

48. The foregoing paragraphs are incorporated herein.

49. Defendants violated Duane's civil rights under the United States Constitution and 42 U.S.C. § 1983.

50. The United States Constitution prohibits the use of excessive force, freedom from unlawful seizure, and false imprisonment among other things.

51. The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits application of the Fourth Amendment to state action.

52. 42 U.S.C. § 1983 permits a plaintiff to claim relief when they are deprived of a right secured by the Constitution or laws of the United States when the deprivation was caused by persons acting under color of state law.

53. Defendants violated Duane's civil rights when they unlawfully seized Duane's person and used excessive, unreasonable, and unnecessary force.

54. The City is liable under *Monell* for violation of Duane's civil rights.

55. Duane was severely injured as a result of the violations of his civil rights.

56. Duane is entitled to damages of including, but not limited to, past and future medical expenses, lost wages, loss of earning capacity, loss of freedom of

8

movement and personal autonomy, pain and suffering, emotional distress, and permanent impairment.

57. In addition, Duane is entitled to punitive damages from Defendants in a sum sufficient to deter them from engaging in similar conduct in the future through their own actions and actions of agents and/or employees.

## VI.   Jury Trial Requested.

58. Plaintiff requests a jury trial on his claims.

## VII.   Relief Requested

Wherefore Plaintiff, Duane Blue, respectfully requests the following relief against each defendant herein, jointly and severally:

    A.  All compensatory damages available under the law in an amount according to proof which is fair, just, and reasonable;

    B.  Punitive damages under 42 U.S.C. § 1983 and Indiana law in an amount according to proof and which is fair, just and reasonable;

    C.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983, 1988, and 12205 and as otherwise may be allowed by Indiana and/or Federal law; and

    D.  All other just and proper relief.

Respectfully submitted,

/s/*Michael W. Diehl*

Michael W. Diehl, Atty. No. 33992-53
801 Shelby St.
Suite 203

Indianapolis, IN 46203
317.762.4745
F: 317.732.8063
michael@hoosiercriminaldefense.com

*Plaintiff's Attorney*

## JURY TRIAL DEMAND

Plaintiff, by counsel, demands a jury trial the above-captioned cause.

Respectfully submitted,

/s/*Michael W. Diehl*

Michael W. Diehl, Atty. No. 33992-53
801 Shelby St.
Suite 203
Indianapolis, IN 46203
317.762.4745
F: 317.732.8063
michael@hoosiercriminaldefense.com

*Plaintiff's Attorney*